UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 11-CV-00092-JBC

ON APPEAL FROM U.S. BANKRUPTCY COURT
BANKRUPTCY CASE NO. 09-52235
ADVERSARY NO. 10-5005

IN RE:

JOHN I. GILCHRIST & MARY J. GILCHRIST

    **Debtors**

JOHN I. GILCHRIST & MARY J. GILCHRIST,     PLAINTIFF/APPELLANTS,

vs.

UNITED BANK & TRUST COMPANY,     DEFENDANT/THIRD-PARTY
VERSAILLES, KY,     PLAINTIFF/APPELLEE,

vs.

BANK OF AMERICA,     THIRD-PARTY
    DEFENDANT/ APPELLANT.

**MEMORANDUM OPINION AND ORDER**

\* \* \* \* \* \* \* \* \*

This matter is before the court on the Gilchrists' and Bank of America's appeals of the Bankruptcy Court's judgment granting United Bank's motion to alter and amend the prior judgment and denying the Gilchrists' and Bank of America's motions for summary judgment. For the reasons discussed below, the Bankruptcy Court's holding will be reversed, and this matter will be remanded to that court.

1

In 1995, when he was single, John Gilchrist purchased two lots at Rocky Fork Estates in Garrard County, Kentucky. He built his current home (the "Residence") on one of the lots and sold the other. In 1996, John and Mary Gilchrist were married at the Residence and have lived there ever since.

In 2006 Mary Gilchrist executed a promissory note in favor of a predecessor in interest to Bank of America in the principal amount of $256,000 ("the BOA Loan"). On page 2 of the Mortgage securing the BOA Loan (the "Mortgage"), in the definition section, the "Borrower" is defined only as Mary Gilchrist – the name of John Gilchrist does not appear. On page 15, Mary Gilchrist affixed her signature on a line directly above her typewritten name and the word "Borrower." John Gilchrist affixed his signature on page 15 of the Mortgage on a line above the word "Borrower." The signatures of Mary and John Gilchrist were authenticated by a notary public. Mary initialed the bottom right hand corner of each page of the Mortgage, and John initialed every page except 13, 14, and 15. John Gilchrist did not execute the Note secured by the mortgage.

In January 2008 United Bank and Trust Company ("United") obtained a judgment against the Gilchrists and others in litigation involving unrelated real property in Jessamine County, Kentucky, for approximately $470,000. After United foreclosed on the unrelated real property, United was still owed approximately $150,000. In October 2008 United recorded a Notice of Judgment Lien on Real Estate under KRS 426.070 in the Garrard County Clerk's Office, intending to encumber any real estate owned by the Gilchrists in Garrard County.

2

In March 2009, United filed an action in Garrard County Circuit Court to foreclose on its judgment lien. In July 2009, the Gilchrists filed a petition under Chapter 7 of the United States Bankruptcy Code, listing their Residence as having a fair market value of $215,000 and stating their intention to claim an exemption in the Residence pursuant to 11 U.S.C. §522(d)(1). The Gilchrists listed BOA and United Bank as secured creditors.

In January 2010 the Gilchrists filed this adversary proceeding to avoid United Bank's judgment lien pursuant to 11 U.S.C. §522(f). In its answer to the Gilchrists' complaint, United Bank claimed that BOA's Mortgage was improperly executed and that United Bank's judgment lien has priority on the Residence. Then, with proper standing, United Bank filed a third-party complaint against BOA, asserting that BOA's recorded Mortgage is invalid and that United Bank's judgment lien has priority over the Mortgage.[1]

At first the United States Bankruptcy Court for the Eastern District of Kentucky granted the Gilchrists' motion for summary judgment, finding that BOA's Mortgage was invalid as to John Gilchrist but valid as to Mary Gilchrist's dower interest. The court concluded that United Bank's judgment lien could be avoided pursuant to 11 U.S.C. § 522(f) because the lien impaired Mary's homestead exemption. R.1-2 at 2.

---

[1] The Gilchrists and BOA claim that the Bankruptcy Court erred in holding that United had standing to avoid or challenge the validity of BOA's Mortgage. However, United is merely asserting its claim to priority as to its interest in John Gilchrist's property. United is not trying to avoid BOA's mortgage; it is arguing that there is no mortgage.

Upon United's motion to alter and amend, the court concluded that it had erred in deciding that the Mortgage was valid as to Mary's dower interest in the Property. The court held that, while inchoate dower cannot be mortgaged, it may serve as the basis of a claimed homestead exemption because, under federal bankruptcy law, a debtor's inchoate dower interest is considered property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a). *Id.* at 9. After performing the requisite calculations under § 522(f), the court determined that United Bank's judgment did not impair John Gilchrist's exemption, but did impair Mary Gilchrist's exemption. Thus, the lien could be avoided as to Mary's interest in the property, but not as to John's. The Gilchrists and Bank of America appealed.

Kentucky law requires that a mortgagor be identified in the body of the mortgage. *Shaver v. Ellis,* 11 S.W.2d 949, 952 (Ky. 1928); *Stephens v. Perkins* 273 S.W. 545 (Ky. 1925). "[I]t is fundamentally necessary that a conveyance should use the specific names of its grantors in the body of the instrument in order to pass valid title out of such grantors." *Christian v. Johnson*, 556 S.W.2d 172 (Ky. App. 1977) (quoting *Whitaker v. Langdon*, 195 S.W. 2d 285, 188 (Ky. 1946).

The Mortgage in the present case is not a model of clarity. But, taken as a whole, the Mortgage does identify the property in question, the interest in the property that is encumbered by the Mortgage, and John Gilchrist as a co-signor. The Bankruptcy Court erred in holding that the mortgage at issue is invalid as to John Gilchrist.

On page two, the Mortgage defines "Security Instrument" as "this document . . . together with all Riders to this document." R. 8-1. On page three of the Mortgage, "Exhibit A" was specifically referenced and "made a part" of the Mortgage. *Id.* Exhibit A was attached to the Mortgage and consisted of a description of the property being mortgaged: "Being the same property acquired by John I. Gilchrist, a single person, by deed dated July 7, 1995." *Id.* Thus, John Gilchrist's name was specifically included, by incorporation, in the body of the Mortgage.

Under the terms of the Mortgage, John Gilchrist is a co-signer. "[A]ny Borrower who co-signs this Security Instrument but does not execute the Note (a 'co-signer'): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signers interest in the Property under the terms of this Security Agreement." R.8-1 at ¶13. John Gilchrist co-signed the Mortgage but did not execute the Note. It is undisputed that Gilchrist's intention was to encumber his interest in the Property. That intention is clear from the four corners of the Mortgage, and he is specifically named and identified in the body of the Mortgage in compliance with Kentucky law.

United cites *BAC Home Loans Servicing, LP v. Johnson (In re Crouch)*, claiming it is dispositive of the present case. 2011 U.S. Dist. LEXIS 91867. The facts in *Johnson* are indeed quite similar to those in the present case, except that in *Johnson,* the name of the co-signor is not included in the description of the property being mortgaged. In the present case, John Gilchrist's name is included in

5

the description of the property in question in "Exhibit A," which was incorporated into the body of the Mortgage. This is a significant distinction.

Given its findings on the issue of the validity of the Mortgage as to John Gilchrist's interest in the Property, the court does not need to consider the issues of whether BOA's mortgage is valid pursuant to the doctrine of equitable subrogation, or whether liens may properly attach to a dower interest.

Accordingly, **IT IS ORDERED** that the decision of the Bankruptcy Court is **REVERSED** and this matter is **REMANDED** to the Bankruptcy Court, which should apply its calculations under 11 U.S.C. §522(f) in a manner consistent with this ruling.

Signed on January 25, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY